IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

Plaintiff,

v.

$13,805.00 IN U.S. CURRENCY,

Defendant *in Rem*.

Civil No. 4:24-cv-__81__

# VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW the plaintiff, the United States of America, by and through its counsel, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, and Kevin Hudson, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. The United States brings this action *in rem* seeking the forfeiture of all right, title, and interest in the defendant *in rem* identified in the case caption above (the "Defendant Property").

2. The Defendant Property constitutes proceeds of violations of 21 U.S.C. § 841(a)(1) (Distribution of Cocaine and Cocaine Base, both Schedule II controlled substances), and as such, it is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANT *IN REM*

3. The Defendant Property was seized on June 22, 2023, from a Nissan Versa vehicle being operated in the City of Newport News, within the Eastern District of Virginia, by Andrew

Lamont Williams. The Defendant Property is currently in the possession of Customs and Border Protection in Norfolk, Virginia.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over actions commenced by the United States under 28 U.S.C. § 1345 and over forfeiture actions pursuant to 28 U.S.C. § 1355(a) and (b).

5. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b)(1)(A) because the acts and omissions giving rise to the forfeiture took place in the Eastern District of Virginia. In addition, the Court has *in rem* jurisdiction under 28 U.S.C. § 1355(b)(1)(B) because the defendant property is found within the Eastern District of Virginia, and 28 U.S.C. § 1395(b) provides for forfeiture of property in the district in which the property is found.

6. Venue is proper within this judicial district under 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place in the Eastern District of Virginia, and under 28 U.S.C. § 1355(b)(1)(B) and 28 U.S.C. § 1395(b) because the defendant property is located in this district.

## FACTUAL ALLEGATIONS

7. On or about the early evening of June 22, 2023, officers with the Newport News Police Department (NNPD) high impact patrol units were conducting a crime suppression operation within the City of Newport News when they observed a black Nissan Versa speeding.

8. NNPD activated their emergency equipment and attempted to initiate a traffic stop, but the vehicle did not stop for approximately half a mile. During this time, the driver and

sole occupant of the vehicle was moving around in the driver's seat, reaching forward towards the floorboard of the driver's side of the vehicle and then also into the backseat area.

9. The vehicle then came to a stop and police made contact with the driver, who police identified as Andrew Lamont Williams.

10. Due to Williams' furtive movements and failure to stop when signaled, police instructed Williams to exit the vehicle. Even after multiple requests, Williams initially refused to do so.

11. Multiple digital scales were in the vehicle and in plain view. This included two digital scales in the center console area and one digital scale appearing to have a white residue on it in the rear driver's side of the vehicle. At one point, Williams placed one of the digital scales in his pocket.

12. While Williams was still in the vehicle and refusing to exit, a properly trained York-Poquoson narcotics canine and his handler arrived on scene. The canine alerted to the vehicle, at which time police again instructed Williams to exit. This time, Williams complied and was taken into custody without incident.

13. Police then searched the vehicle and found: (a) $13,805 in U.S. currency; (b) one Springfield XDS semiautomatic pistol with ammunition; (c) approximately 372 grams of cocaine packaged in separate bags; (d) approximately 110 grams of cocaine base packaged in separate bags; (e) 4 digital scales; (f) 3 mobile phones; (g) Ziploc baggies; and (h) razor blades. Most of the currency and drugs were recovered from a backpack in the trunk of the vehicle. The currency was stored inside a green Crown Royal bag within the backpack, as depicted in attached government's exhibits 1 through 2. The drugs were stored in several bags within the backpack,

as depicted in attached government's exhibits 3 through 6. A composite photo of the items recovered from the vehicle is attached as government's exhibit 7.

14. The black Nissan Versa vehicle referenced above was a rental car through Enterprise. Williams rented that vehicle and was the only one listed on the rental agreement for the vehicle.

15. On February 13, 2024, Williams was indicted by the federal grand jury for the Eastern District of Virginia sitting in Newport News in case number 4:24-cr-9. The indictment contained a drug trafficking charge and a firearm charge, both of which were related to the above-described events of June 22, 2023.

16. On or about the morning of March 27, 2024, law enforcement observed Williams exit a residence in Hampton, Virginia and open the driver's side door of a silver Toyota sedan, which was registered to him. At that time, law enforcement took Williams into custody on his outstanding federal arrest warrant.

17. A search of Williams' person incident to his arrest yielded cocaine base, two mobile phones, and approximately $1,200 in U.S. currency. The currency is depicted in government's exhibit 8, which is attached.

18. In addition, following an alert to Williams' silver Toyota sedan by a properly trained narcotics canine, that vehicle was searched. The searched turned up three knotted baggies of cocaine base, a digital scale, and a mobile phone. The cocaine base is shown in the attached government's exhibit 9.

19. The owner of the residence from which Williams was seen exiting consented to a search of Williams' room in the residence. There, law enforcement found three mobile phones, approximately $1,100 in U.S. currency, and items associated with the conversion of cocaine to

4

cocaine base, which appeared to have a white powdery residue on them. The items with white residue and the currency are depicted in attached government's exhibits 10 through 12.

20. The $1,200 in U.S. currency recovered from Williams' person and the $1,100 in U.S. currency recovered from Williams' room were returned to one of Williams' family members by law enforcement.

21. On May 28, 2024, Williams pleaded guilty in the U.S. District Court for the Eastern District of Virginia, case number 4:24-cr-9, to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Williams stipulated to a statement of facts containing the same essential facts contained in this Complaint.

## CLAIM FOR RELIEF
### (Forfeiture under 21 U.S.C. § 881(a)(6))

22. The United States incorporates by reference Paragraphs 1 through 21 as if fully set forth herein.

23. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture, "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

24. As set forth above, the Defendant Property constitutes proceeds of violations of 21 U.S.C. § 841(a)(1) (Distribution of Cocaine and Cocaine Base, both Schedule II controlled substances).

25. As such, the Defendant Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that judgment be entered in its favor against the Defendant Property; that pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed; that the defendant property be forfeited to the United States of America and delivered into its custody for disposition according to law; that plaintiff be awarded its costs and disbursements in this action; and for such and further relief as this Court may deem just and proper.

Dated:  May 31, 2024

                Respectfully submitted,

                JESSICA D. ABER
                UNITED STATES ATTORNEY

By:        /s/ Kevin Hudson
                Kevin Hudson
                Assistant United States Attorney
                Virginia State Bar No. 81420
                Attorney for the United States
                11815 Fountain Way, Suite 200
                Newport News, VA 23606
                Office Number: (757) 591-4000
                Facsimile Number: (757) 591-0866
                Email Address:  kevin.hudson@usdoj.gov

## VERIFICATION

I, Phillip Valdes, Jr., Taskforce Officer, Homeland Security Investigations, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *in Rem* is based on information known by me personally and/or furnished to me by various federal, state, and local law enforcement agencies, and that everything contained herein is true and correct to the best of my knowledge.

Executed at  _Hampton_ , Virginia, this _31st_ day of _May_, 2024.

_____
Phillip Valdes, Jr.
Taskforce Officer
Homeland Security Investigations